Manrique, Appellant, *v.* Registrar of Guayama, Respondent.

Appeals from Decisions of the Registrar of Property Refusing to Record Foreclosure Deeds.

Nos. 591 and 592.—Decided July 12, 1924.

Record of Title—Mortgage—Foreclosure—Pleading—Joinder of Actions.—
    The rules of civil procedure governing joinder of actions are applicable to
    the foreclosure of mortgages. Such being the case a foreclosure proceeding

is not void when the mortgagee, the owner of two matured mortgages created by the same mortgagor on different properties, seeks to foreclose both mortgages at the same time, nor when a mortgagee forecloses together two matured mortgages created by the same mortgagor on a single property.

The facts are stated in the opinion.

Mr. A. L. López for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Deeds Nos. 25 and 26 of February 6, 1924, were presented for record in the Registry of Property of Guayama and the registrar refused to record them for the following reasons:

Because the instruments show on their face misjoinder of causes of action and because the notice of the sale was not published in accordance with the statute. The registrar also assigned the curable defects of failure to insert in the deed or exhibit with it certified copies of the order of foreclosure, the demand for payment, the notice of sale, the proof of its publication and the report of the sale.

All that has been said in the opinion handed down today in support of the court's decision in administrative appeal No. 590, *Manrique v. Registrar of Guayama, ante,* page 515, with respect to the publication of the notice and the curable defects is applicable to and should govern the decision of the questions raised by the registrar in his decisions endorsed on said deeds Nos. 25 and 26.

Let us examine now the only new question involved in these appeals, that is, misjoinder of causes of action.

From deed No. 25 it appears that in a single proceeding two mortgages were foreclosed, one for $1,000 on the properties that we shall designate as A and B, and another for $900 on properties A and C, Cipriano Manrique being the mortgagee in both instances and the spouses Belpré Torrens being the mortgagors and owners of the three properties.

From deed No. 26 it appears that two mortgages on a

single property were foreclosed in one proceeding, Manrique being the mortgagee and Elena Eufrasia Ajenjo the mortgagor and owner of the mortgaged property.

In support of his opinion against the registrar's decision the appellant invokes article 176 of the Mortgage Law Regulations, subdivision 2 of which reads as follows:

"The provisions of the Law of Civil Procedure in force in Cuba, Porto Rico and the Philippines, shall be applicable to these proceedings as supplementary, in so far as they are not in conflict with the provisions of the Mortgage Law and these regulations."

And he claims that as the Code of Civil Procedure allows the joinder of causes of action, those for foreclosure of mortgages between the same parties can also be joined, inasmuch as nothing to the contrary is provided by the special law governing the matter.

Neither the appellant nor the registrar cites jurisprudence directly applicable, or the opinions of commentators pro or con. The registrar, in a supplementary brief, urges that "even assuming that the view of appellant in connection with the joinder of actions were admissible, it could never be in the case of deed No. 25, appeal No. 591, for the effect in this case would be to make all of the foreclosed properties responsible for all of the mortgages together, when the fact is that some of the properties are not subject to both mortgages."

We see no strong reason against the joinder. The practice is in harmony both with the provisions of the old Law of Civil Procedure and those of the present code, and we do not believe the mortgagor is thereby prejudiced, if all of the statutory steps are followed. It might be said that perhaps a better price would be obtained by advertising the sale of each property separately, but the fact that the mortgages are foreclosed in a single proceeding does not mean that the sale of each property can not be made separately. Perhaps advertising the sale of several properties for the

same day might be advantageous as attracting a greater number of bidders. Besides, if separate proceedings had been brought, the mortgagee and the mortgagors being the same, it is logical to assume that the proceedings would have followed a similar course with the only difference that instead of two proceedings four would have been instituted. The only party prejudiced would be perhaps The People of Porto Rico which received less fees, but this fact is compensated by the interest that the government has in simplifying judicial proceedings.

The decision appealed from should be reversed as to the incurable defects and affirmed as to the curable defects therein assigned.

*Reversed in part.*

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.